IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID ESLAVA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION  04-0297-KD-B |
| | ) |
| GULF TELEPHONE COMPANY, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on defendants' motion for reconsideration (Doc. 591) filed April 4, 2007; plaintiffs' response in objection thereto (Doc. 611) filed May 7, 2007, and defendants' reply brief (Doc. 643 ) filed June 6, 2007.  Upon consideration, and for the reasons set forth herein, defendants' motion to reconsider is **DENIED**.

I.      Procedural Background.

On March 30, 2007 the Court entered an order granting, in part, and denying in part, defendants' motion for partial summary judgment as to Count II of plaintiffs' First Amended Complaint.  (Doc. 564)[1]  Defendants now move the Court to reconsider its ruling as to the Escrow  account and to dismiss the remainder of Count II of Plaintiffs' Complaint. (Id.)[2]

---

[1] The Court granted the motion as to plaintiffs' claims surrounding the procedure for establishing the escrow fund on the grounds that those claims are barred by the applicable statute of limitations and denied the motion as to the remainder of Count II.  (Doc. 564 at 29)

[2] The pertinent portion of the Court's order is as follows:

1

II.     Standard of Review.

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." Gougler v. Sirius Products, Inc., 370 F.Supp.2d 1185, 1189 (S.D.Ala.2005); see also United States v. Bailey, 288 F.Supp.2d 1261, 1267 (M.D.Fla.2003) *aff'd* 419 F. 3d 1208 (11th Cir. 2005); Spellman v. Haley, 2004 WL 866837, *2 (M.D.Ala. Feb.22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling").

As a general rule, a motion to reconsider is only available in the following limited circumstances: (1) when a party presents the court with evidence of an intervening change in

---

The agreement between Madison River and GCSI was for Madison River "to acquire for cash all of the outstanding capital stock of GCSI". (See Merger Agreement p. 1) The ESOP owned 49.2% of the outstanding capital stock of GCSI. As explained by the GTESOP Trustees and Administrative Committee in their October 2, 1999 memo to the ESOP participants, the "merger consideration" paid for the capital stock of GCSI was approximately $2821 per share. This stated consideration included the escrowed money. The stated "merger consideration" was cash that had been paid by Madison River for all the shares of stock in GCSI, of which the ESOP owned 49.2% of the shares. As stated in the April 6, 2001 letter to the ESOP participants, the "ESOP shares were converted to cash on 9/28/99". At that point the entire amount paid for the ESOP's shares was an asset of the ESOP. However, as further explained in the October 2, 1999 memo, the "distributable merger consideration at this time" was $2550 per share. This reduction in the distributable consideration was due to a provision in the Merger agreement that escrowed approximately 10% of the consideration paid. The escrow provision did not convert the ESOP's interest in the escrowed money back to GCSI, rather the escrow provision obligated the ESOP's money for certain contingencies. The obligation of the escrowed money for certain contingencies made the value of the ESOP's asset unknown, but it did not change the fact that the ESOP's interest in the escrow account is an asset. Accordingly, defendants' motion to dismiss Count II on the grounds that the funds are not plan assets is DENIED.

(Doc. 564 at 26)

controlling law; (2) the availability of new evidence, or (3) the need to correct clear error or manifest injustice." Summit Medical Center of Alabama, Inc. v. Riley, 284 F.Supp.2d 1350, 1355 (M.D.Ala.2003); Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir.1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."). The grant or denial of a motion to reconsider is left to the discretion of the district court. See Chapman v. AI Transport, 229 F.3d at 1023-24.

While motions to reconsider may be appropriate where a party presents new evidence, the law is clear that "motions to reconsider are not a platform to relitigate arguments previously considered and rejected." Gougler, 370 F.Supp.2d at 1189 n. 1; see also Lazo v. Washington Mutual Bank, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (motion to reconsider is properly denied where movant merely reiterates meritless arguments); American Marietta Corp. v. Essroc Cement Corp., 2003 WL 463493, *3 (6th Cir. Feb.19, 2003) (similar).

Likewise, it is well established in this circuit that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler, 370 F.Supp.2d at 1189; see also Rossi v. Troy State University, 330 F.Supp.2d 1240, 1249 (M.D.Ala.2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so). Furthermore, the Eleventh Circuit has declared that "a motion to reconsider should not be used by the parties to set forth new theories of law." Mays v. U.S. Postal Service, 122 F.3d 43, 46 (11th Cir.1997); see also Russell Petroleum Corp. v. Environ Products, Inc., 333 F.Supp.2d 1228, 1234 (M.D.Ala.2004) (relying on Mays to deny motion to reconsider where

movant advanced several new arguments).   With this legal framework in mind, the Court now turns to the specific arguments raised by counsel for defendants in their motion to reconsider.

III.   Discussion

Defendants do not suggest that there has been an intervening change of law or the discovery of new evidence[3] since the Court's order denying, in part, the motion for partial summary judgment on Count II of the complaint.  Rather, defendants appear to base the instant motion on the third (clear error) prong of the analysis.

*Escrow Account*

Defendants contend that "the entire purpose of the Escrow was to prevent the ESOP (and other GCSI shareholders) from receiving $25 million of the merger consideration that Madison River had agreed to pay " and thus " the actual funds in the Escrow cannot be ESOP assets because they reflect the reduction in the purchase price to be received by the ESOP at the closing of the merger."  (Doc. 591 at 2) In support of the motion defendants have submitted the affidavit of one of their experts,  Michael D. Waters[4], who states that this type of escrow arrangement is typical in merger and acquisition agreements, and the escrowed funds are held by the escrow agent for the purposes stated in the escrow, and do not belong to the selling shareholders, until the escrow closes. (Doc.   591, Exhibit. 1, Affidavit of Michael D. Waters, Exhibit A, ¶¶ 21-27,

---

[3] The Court does not consider Mr. Waters affidavit to be the type of new evidence contemplated for a motion to reconsider.  Rather Mr. Waters' affidavit provides the Court with information, *inter alia*, regarding how an escrow fund works in mergers and then explains to the Court why the Court is wrong to consider the escrowed money as an asset of the ESOP.

[4] Waters is an attorney licensed in the State of Alabama, a partner in the law firm of Balch & Bingham, L.L.P and an adjunct professor at the University of Alabama School of Law where he teaches courses on banking law and corporate mergers and acquisitions.  (Waters Affidavit at ¶¶ 2,3 )

43) As such, defendants argue that the ESOP and the other GCSI stockholders cannot be said to have a "vested interest" in any of the funds held in escrow, as all of these funds are held subject to the prior rights of Madison River and its subsidiary GCSI as stated in the escrow agreement.

In response plaintiffs' argue that "the evidence before the Court at the time clearly establish[ed] that the ESOP's portion of the Escrow is a plan asset, [and] discovery conducted by Plaintiffs following the July 7, 2006 filing of their Motion for Partial Summary Judgment has produced even more evidence that the ESOP's portion of the Escrow is a plan asset." (Doc. 611 at 1-2) Plaintiffs also argue that defendants' motion is due to be denied on the grounds that it raises issues that were previously argued and rejected by the Court.

The Court agrees with plaintiffs; the arguments put forth by defendants are merely an expansion of their previous arguments. Defendants have not shown clear error in the Court's previous determination that the ESOP's interest in the escrow account is an asset of the ESOP. Thus the motion to reconsider on this basis is denied.

Defendants next argue that the Court's determination that the Escrow was an asset creates an "irreconcilable conflict" with the governing statutes because any use of Escrow assets to satisfy any GCSI liabilities violates ERISA. Defendants further state "[t]he Court has recognized that the Escrow can be used to satisfy GCSI's liabilities (its stated purpose)." (Doc. 591 at 3).

The defendants' argument is without merit. <u>The Court has not endorsed any use of the escrow account.</u> In a previous attempt to correct the defendants' similar misinterpretation the undersigned stated "[t]he court made no determination, either explicitly or implicitly, regarding the appropriate use of the escrowed money". (Doc. 564, fn. 23). Moreover, in the March 30,

5

2007 order on summary judgment the Court did not recognize any appropriate use of the Escrow fund; rather, the court stated "[t]he stated purpose for the escrowed funds, on its face, is not violative of §410". (Doc. 564, p. 28). The Court made no determination regarding whether the escrow account violated ERISA §406(a). Accordingly, defendants are raising new arguments which are not appropriate on a motion for reconsideration.

*Statute of Limitations*

Defendants also argue that the claims surrounding the Escrow should be barred by the three year statute of limitations. Specifically, defendants argue if the Escrow funds are plan assets, then their use to satisfy *any* GCSI liability is prohibited under ERISA. Thus, because the plaintiffs were notified "of both the establishment of the Escrow and the fact that the Escrow funds would be used to satisfy GCSI liabilities, the defendants argue that the claims under Count II are time barred. (Doc. 591 at 4) This argument was previously raised in defendants' motion for summary judgment. Accordingly, it is not an appropriate ground for a motion to reconsider. To the extent the argument was not adequately addressed by the court in the March 30, 2007 order on summary judgment, the argument is carried to trial.

For all of these reasons articulated herein, the undersigned is of the opinion that reconsideration is inappropriate, duplicative, and an inefficient use of judicial resources under the circumstances presented here. Accordingly, the defendants' motion to reconsider is **DENIED.**

**DONE** this the 2nd day of July 2007

                                          s/ Kristi K. DuBose
                                          **KRISTI K. DuBOSE**
                                          **UNITED STATES DISTRICT JUDGE**