IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


DAVID ESLAVA, et al.,                          :

      Plaintiffs                             :

vs.                                            :       CIVIL ACTION 04-00297-KD-B

GULF TELEPHONE COMPANY,
*et al.*,                                      :

      Defendants.                            :


## **ORDER**

This matter is before the Court on plaintiffs' motion to certify class (Doc. 224) and

plaintiffs' motion for leave to appoint additional class representatives (Doc. 675)[1].  On June 14,

2007 Magistrate Judge Bivins issued a Report and Recommendation on plaintiffs' motion to

certify class.  (Doc. 648)  After due and proper consideration of all portions of this file deemed

relevant to the issues raised, and a de novo determination of those portions of the Report and

Recommendation to which objection is made, [2] the Report and Recommendation of the

---

[1]  Plaintiffs' statement of objection to the recommendation of the Magistrate Judge
contains a motion for leave to appoint additional class representatives.  (Doc. 675 at 18)

[2]  Both the plaintiffs and the defendants have submitted objections to the Report and
Recommendation.  Accordingly, in conducting the de novo review the Court has considered the
defendants' statement of objection to the Report and Recommendation (Docs. 672, 673);
plaintiffs' statement of objection to the Report and Recommendation (Docs. 674, 675);
defendants' response to plaintiffs' objection (Doc. 685) and plaintiffs' response to defendants'
objection (Doc. 686).

Magistrate Judge made under 28 U.S.C. §636(b)(1)(B) is **MODIFIED as follow:**

I.      **Fed. R. Civ. P. 23(a)(2)**[3]

        Magistrate Judge Bivins determined, in part, that there are questions of law or fact

common to the class and therefore, plaintiffs satisfied the "commonality" requirement.  (Doc.

648 at 14-16 )  Defendants now contest the Report and Recommendation regarding commonality

and argue that the Magistrate Judge's ruling conflicts with case law holding that a highly

individualized analysis, such as that required under 29 U.S.C. § 1113 [4], destroys commonality

and prevents class certification.  (Doc. 673 at 3)  Defendants note that since plaintiffs have

argued that the three year statute of limitations under 29 U.S.C. § 1113 is not triggered until the

plaintiffs received "actual knowledge" of facts that supported a cause of action under ERISA,

the Court must engage in an individualized analysis regarding each plaintiffs' knowledge which

---

[3] Defendants do not dispute that the proposed class meets the numerosity requirement of
Fed. R. Civ. P. 23(a)(1) nor do they dispute the proposed class counsel's adequacy.  (Doc. 415
at 2) As an aside, the Court notes that as a result of the 2003 amendments to the Federal Rules of
Civil Procedure, the adequacy of counsel issue is governed not by Rule 23(a)(4) but by Rule
23(g).See Fed. R. Civ. P.23; Advisory Committee Comments , ("Rule 23(a)(4) will continue to
call for scrutiny of the proposed class representative, while [Rule 23(g) ] will guide the court in
assessing proposed class counsel as part of the certification decision.")

[4] 29 U.S.C. 1113, entitled *Limitations of Actions,* states, in part:

No action may be commenced under this subchapter with respect to a fiduciary's
breach of any responsibility, duty, or obligation under this part, or with respect to
a violation of this part, after the earlier of--

(2) three years after the earliest date on which the plaintiff had actual knowledge
of the breach or violation;

defendants maintain would defeat the commonality requirement under Fed. R. Civ. P. 23(a)(2).

In support of their argument that the statute of limitations mandates that each plaintiff's claim be reviewed on a case by case basis, thus destroying the possibility of class certification, defendants cite the Court to Barnes v. American Tobacco Co., 161 F.3d 127, 149 (3rd Cir. 1998), cert.denied 526 U.S. 1114, 119 S.Ct 1760, 143 L.Ed 2d 791 (1999),  wherein the court determined that whether each class member's claim is barred by the statute of limitations raises individual issues that prevent class certification. The defendants also cite Hudson v. Delta Air Lines, Inc., 90 F.3d 451 (11th Cir. 1996), cert. denied, 519 U.S. 1149, 117 S.Ct. 1082, 137 L. Ed 2d 217 (1997), wherein the Eleventh Circuit refused to certify an ERISA class action which claims were based upon an alleged misrepresentation, noting that:

> [e]ven if the plaintiffs are able to prove that Delta disseminated a false and uniform message to all retirees . . . . they would also have to show that all members of the class would have deferred their retirement in the hope that they would be eligible for the Special Retirement Plan to be offered in the future. This sort of decision would necessarily have been highly individualized for each potential retiree.

Id. at 457.

The cases cited by defendant are distinguishable.  Plaintiffs' claim for relief under ERISA 502(a)(2) ultimately does not require numerous individualized determinations with respect to the statute of limitations.  While the claim may be filed by an individual, the relief that is available is not individualized.  Thus, if one plaintiff is within the statute of limitations, the claims on behalf of the plan can proceed.  The end result is that all plan participants will benefit even though some participants could not have brought the claim because of the statute of limitations.  Thus unlike the courts in Barnes and Hudson, it is unnecessary from a practical

3

standpoint for this Court to determine what the statute of limitations is for each potential plaintiff because the claims on behalf of the plan can proceed even if only *one* plaintiff is within the statute.

Moreover, *in this case*, the claim for relief under ERISA 502(a)(3) is also not subject to individualized determinations of the statute of limitations. The claims for relief pursuant to 502(a)(3) in this case are brought on behalf of the plan. Accordingly, success on this claim will inure to all ESOP participants, regardless of whether one or four hundred bring this suit. Therefore, it is sufficient if only one plaintiff falls within the applicable statute of limitations.

Accordingly, upon consideration, the Court finds that the commonality requirement has been met and defendants' objection to the recommendation on that ground is **OVERRULED.** The Court adopts the portion of the Report and Recommendation concluding that Plaintiffs have satisfied the requirements of Fed. R. Civ. P. 23(a)(1)-(3).

## II.   Fed. R. Civ. P. 23(a)(4)

Plaintiffs object to the Magistrate Judge's determination that the adequacy of representation requirement of Fed. R. Civ. P. 23(a) was not met. Magistrate Judge Bivins determined that plaintiffs "virtually abdicated to their attorneys the conduct of this case" and thus did not meet their burden of "establishing that they can adequately protect the legal rights of the absent class members who would be bound by the "res judicata" effect of any judgment." (Doc. 648 at 22) Plaintiffs maintain that the class representatives are adequate despite their inability to articulate their claims and contend that not only do they have "sufficient knowledge of the facts and claims...a representative's lack of knowledge of the facts and claim is irrelevant

under Rule 23(a)(4) in a complex case of this nature." (Doc. 675 at 2) Plaintiffs further argue

that it was error for Magistrate Judge Bivins to consider the adequacy of the representatives as a

whole, since only one adequate representative is required.

In support of their position that the inability to articulate their claims is irrelevant in

complex cases, plaintiffs rely, in part, on Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 728

(11th Cir.1987) cert. denied, 485 U.S. 959, 108 S.Ct. 1221, 99 L. Ed. 2d 421 (1988). In

Kirkpatrick, the Court reversed the district court's denial of class certification and held that "in

securities cases...where the class is represented by competent and zealous counsel, class

certification should not be denied simply because of a perceived lack of subjective interest on the

part of the named plaintiffs unless their participation is so minimal that they virtually have

abdicated to their attorneys the conduct of the case." 827 F. 2d at 728. However, in London v.

Wal-Mart Stores, Inc., 340 F.3d 1246 (11th Cir. 2003)[5] the Eleventh Circuit Court reiterated that

its holding in Kirkpatrick was limited to securities cases:

> ...[I]n Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 728 (11th Cir.1987), this
> court held that in securities cases, as long as class counsel is "competent and
> zealous," the named plaintiffs are not inadequate merely because "of a perceived
> lack of subjective interest," but only if "their participation is so minimal that they
> virtually have abdicated to their attorneys the conduct of the case." *However, this*
> *court carefully limited its holding to the securities context, noting that neither the*
> *Eleventh Circuit nor the Supreme Court has established specific standards for*
> *Rule 23(a) adequacy. Thus, the court concluded, "Because the issue of adequate*
> *class representation arises in a wide variety of contexts, it would be*
> *inappropriate for us to establish a standard for general application."* Kirkpatrick,
> 827 F.2d at 727-28. In the same case, we stated with approval the general
> principle that adequacy of representation is primarily based on "the forthrightness

---

[5] In London the Eleventh Circuit Court of Appeals reversed the district court's class
certification order on the grounds that a conflict of interest - namely, the close personal and
financial relationship between plaintiff and class counsel, rendered plaintiff an inadequate
representative. 340 F. 3d at 1255.

and vigor with which the representative party can be expected to assert and
defend the interests of the ... class" and "whether plaintiffs have interests
antagonistic to those of the rest of the class." Id. at 726 (internal quotations
omitted). In fact, we went on to note that meeting these requirements might still
be insufficient if the "named plaintiffs ... do not possess the personal
characteristics and integrity necessary to fulfill the fiduciary role of class
representative." Id. This court has noted that "basic consideration of fairness
requires that a court undertake a stringent and continuing examination of the
adequacy of representation by the named class representative[ ] at all stages of the
litigation where absent members will be bound by the court's judgment." Shroder
v. Suburban Coastal Corp., 729 F.2d 1371, 1374 (11th Cir.1984) (holding that,
where named plaintiff was employee of class counsel, district court did not abuse
its discretion by denying class certification).

Id. at 1254 (emphasis added).

The adequacy-of-representation requirement "'encompasses two separate inquiries: (1)
whether any substantial conflicts of interest exist between the representatives and the class; and
(2) whether the representatives will adequately prosecute the action.'" Valley Drug Co. v.
Geneva Pharms., Inc., 350 F.3d 1181, 1189 (11th Cir. 2003) (quoting In re HealthSouth Corp.
Sec. Litigation, 213 F.R.D. 447, 460-461 (N.D. Ala. 2003)).  The Eleventh Circuit Court of
Appeals has instructed that adequacy of representation must be measured in at least the
following five ways: (1) " 'whether plaintiffs' counsel are qualified, experienced, and generally
able to conduct the proposed litigation" '; (2) " 'whether plaintiffs have interests antagonistic to
those of the rest of the class" '; (3) whether the named plaintiffs "possess the personal
characteristics and integrity necessary to fulfill the fiduciary role of class representative"; (4)
whether the named plaintiffs have "demonstrated [s]ufficient participation in and awareness of
the litigation"; and (5) whether the named plaintiffs have the ability to fund the litigation.
Kirkpatrick , 827 F.2d at 726-27 quoting Griffin v. Carlin, 755 F.2d 1516, 1532 (11th Cir.1985);
McGowan v. Faulkner Concrete Pipe Co., 659 F.2d 554, 559-60 (5th Cir.1981).

The Court disagrees with plaintiffs' position that knowledge of class representatives is irrelevant.  Class representatives should not only "have a working knowledge of the case" Buford v. H & R Block, Inc., 168 F.R.D. 340, 353 (S. D. Ga.,1996) aff'd sub nom, Jones v. H&R Block Tax Services, 117 F. 3d 1433 (11th Cir. 1997), but should possess a level of  understanding of the case "...to be capable of 'controlling' or 'prosecuting' the litigation.'" Hoyte v. Stauffer Chemical Co., 2002 WL 31892830 (Fla.Cir.Ct.,2002) quoting Berger v. Compaq Computer Corp., 257 F.3d 475, 497 (5th  Cir.2001), opinion on rehearing, 279 F.3d 313 (5th  Cir.2002).  See also Jones v. CBE Group, Inc., 215 F.R.D. 558, 568 (D. Minn. 2003) (holding that the named plaintiff was not an adequate representative because he could not answer basic questions about case and had little incentive to pursue case where offer of judgment had been made); Ballan v. Upjohn Co., 159 F.R.D. 473 (W.D. Mich. 1994) (finding inadequate the class representative who failed to participate in a number of important decisions that could seriously affect class members;  Weber v. Goodman, 9 F. Supp. 2d 163, 171-172 (E.D. N.Y. 1998), opinion modified on reconsideration, 1998 WL 1807355 (E.D. N.Y. 1998) (finding that proposed representative would not adequately represent class where evidence revealed that counsel had not kept representative informed, leading court to conclude that representative could not control counsel).

In concluding that plaintiffs failed to satisfy the adequate representation requirement in order to proceed with a class action, Magistrate Judge Bivins relied, in part, on Hillis v. Equifax Consumer Services, Inc., 2006 WL 2434078, *11 (N.D. Ga. 2006) wherein the court concluded that the named plaintiff was not adequate representative because he was unfamiliar with many of the specific allegations that formed the basis for his claims.  After a thorough review of the record, including plaintiffs' deposition transcripts the Magistrate Judge concluded that the four

7

remaining plaintiffs failed to demonstrate "a basic understanding of the various violations that the multiple Defendants are alleged to have committed", including (1) uncertainty whether the lawsuits included claims related to the escrow fund; (2) no knowledge of how the sale of DiGiPH stock related to the lawsuits, and (3) no knowledge of whether the lawsuit included claims related to "non-business assets", the "Snook Trusts", and the "Snook will options." (Doc. 648 at 21-22)

The Court has reviewed the testimony of the purported class representatives and finds that Magistrate Judge Bivins is correct in her determination that plaintiffs Hartman, Faison[6] and Kaiser[7] are inadequate representatives in that they have "virtually abdicated" the representative

---

[6] Mr. Hartman stated that he "looked at" the complaint but could not recall whether he saw it before or after it was filed. (Doc. 283, Deposition of Jon Hartman, pp. 87-88) Mr. Hartman testified during his deposition that he did not know whether he is asserting any claims relating to DiGiPH (Id. , pp. 75-76); that he did not know whether he was asserting any claims that relate to the escrow fund (Id., p. 66); and that he has never heard of the Snook Options and does not know whether any claims in the lawsuit relate to the Snook Options (Id., pp. 77-79). During the evidentiary hearing, Mr. Hartman could recall only that the lawsuit involved claims relating to the escrow, and testified that he "defer[red] to [his] legal counsel" on all matters surrounding this issue. (Doc. 390 at 89-99.) Mr. Hartman further testified that he did not know the substance of the claim surrounding the DiGiPH sale. (Id., pp. 74, 79) Similarly, Mr. Faison testified during his deposition that he has no idea what claims are being asserted relating to the escrow fund (Doc. 283, Deposition of Thomas Faison, pp. 97-98), or the DiGiPH sale, (Id. at p. 100), has never heard of the Snook Options and does not know of any claims in the lawsuit that relate to the Snook Options. (Id., at pp. 100-01.) Finally, Mr. Faison did not appear at the evidentiary hearing due to a work conflict. (Doc. 390 at 104-105)

[7]During his deposition, Mr. Kaiser stated that he "probably" had seen a copy of the complaint. (Doc. 283, Deposition of Robert Kaiser, p. 95) Kaiser testified that he understood that some of the claims in the lawsuit related to the escrow account but could not articulate what those claims were. (Id. at 150). Kaiser further indicated that he has a general knowledge of the Snook Will Options but was unsure whether the lawsuit asserted any claims relating to the Snook Will Options (Id. at p. 156). He also testified that while he understood claims were being asserted that related to DiGiPH, he was unable to tell counsel what those claims are. (Id. at 152-153)

role to their counsel.  (See Doc. 390 -Transcript Class Certification Hearing);  Kirkpatrick, 827 F. 2d at 727 citing In re Goldchip Funding Co., 61 F. R.D. 592, 594 (M.D. Pa. 1974) ("As the district court aptly noted, a potential class is entitled to 'more than blind reliance upon even competent counsel by uninterested and inexperienced representatives.' "); Helfand v. Cenco, Inc., 80 F.R.D. 1, 7-8 (N.D.Ill.1977)(Where the named plaintiffs "have abdicated their role in the case beyond that of furnishing their names as plaintiffs," the attorneys, in essence, are the class representative."); Ogden v. Americredit Corp., 225 F.R.D. 529, 532-36 (N.D. Tex. 2005) (class representative's understanding of the case was limited to "derivative knowledge" acquired from counsel; class representative must have "commendable familiarity" with the complaint and the concept of the class action); Berger v. Compaq Computer Corp., 257 F. 3d at 481-82 (reversible error for district court to afford plaintiff "presumption" of adequacy; class representatives always bear burden of proof on adequacy as to themselves and their counsel).

As to plaintiff Eslava, the determination is more difficult.  As an aside, the defendants make much ado over the fact that Eslava professes to know more now than at the time of his deposition.  This fact is of no consequence, however, as the focus of the Court's inquiry is whether Eslava is an adequate representative at this point.  Therefore, the Court now turns to the question of whether Esalva is an adequate class representative.

---

Four months later at the evidentiary hearing Mr. Kaiser recalled that an issue in the lawsuit related to DiGiPH but was only able to recall that this lawsuit also involved the escrow when reminded by counsel. (Doc. 390, pp. 40-41.) Mr. Kaiser testified that he thinks the escrow issue involves someone taking money out of his retirement and "[i]t looked like a form of blackmail to [him]...." (Id. at pp. 40-41, 51.) Mr. Kaiser conceded that he does not know any more now than he did at his deposition regarding the DiGiPH issue (Id. pp. 48-49), and reiterated that he does not have any reason to believe that the ESOP participants were not treated properly with respect to the sale of DiGiPH.  (Id. at pp. 49-50).

It is the opinion of the Court that Mr. Eslava has exhibited an adequate understanding that a purpose of this lawsuit is to get the ESOP's portion of the escrow account distributed to the plan participants.  Eslava explained that his claim as to the escrow account was "that a fund was set up in the escrow fund in order to help distribute the monies or the way the monies were distributed". (Doc. 390 at p. 14)  The evidence is clear that it was Mr. Eslava who initially approached the attorney in his effort to "obtain [his] monies from the ESOP Distributions".  (Id. at 11).  Moreover, Eslava appears to understand that on behalf of the class he is seeking to "have the ESOP portion of the escrow released".  (Id. at 15).  The fact that he is unable to articulate the legal claims which will achieve that end does not indicate that he is an inadequate representative.  Mr. Eslava is adequately interested and apprised of this claim to be a class representative on this claim.

However, Eslava does not appear to have adequate understanding that he, on behalf of the class, is also pursuing other claims including that the fiduciaries breached their duty when they: (1) agreed to release any claim to the Snook Options[8]; (2) allowed the sale of GCSI stock for less the Fair Market Value, and (3) failed to pursue a shareholder derivative suit regarding the sale of the GCSI stock.  Moreover, Eslava has also not exhibited a working knowledge regarding how the sale of DiGiPH relates to the lawsuit.[9]  Thus, the Court finds that Mr. Eslava

---

[8]At his deposition, some four months prior to the Class Certification hearing, Mr. Eslava testified that he did not know whether he was asserting any claims in connection with the Snook Will Options (Doc. 283 at pp. 130-31).  At the evidentiary hearing Eslava testified regarding Snook Will Options and the Snook Trust that he knew "that there are some claims" but didn't know what they were or what they involve. (Doc. 390 at 23).

[9]  As to DiGiPH, Eslava stated at the class certification hearing that he was complaining that the ESOP members did not receive fair compensation for the value of that company."  (Doc. 390 at p. 14) Specifically, Eslava stated as follows: " What I understand -- I understand

is an inadequate representative under the requirements of 23(a)(4) on these claims and adopts Judge Bivins' opinion on adequacy as it relates to these claims.

In their response defendants also contend that a conflict exists between Eslava and the purported class such that Eslava is rendered an inadequate class representative.  Specifically, the defendants maintain that because Eslava testified that he was "satisfied with the price that was received for the sale of the GulfTel stock", that Eslava essentially has rejected that gravamen of the class claims.  Defendants' rendition and application of Eslava's deposition testimony to this argument is not persuasive as it pertains to the claims regarding the escrow account.  It is clear that Eslava does not reject the gravamen of the claims regarding the escrow account.

Defendants also contend that a conflict exists because there was some evidence that other potential class members do not want the lawsuit to continue.  In support, defendants cite the Court to cases where the class action was not certified due to the opposing interests of the potential plaintiffs, e.g.,  Pickett v. Iowa Beef Processors, 209 F.3d 1276, 1280 (11th Cir.2000) ("[A] class cannot be certified when its members have opposing interests or when it consists of members who benefit from the same acts alleged to be harmful to other members of the class.") and Auto Ventures, Inc. v. Moran, 1997 WL 306895 (S. D .Fla.,1997) (refusing to certify a class of Toyota dealers because "the class collapses into distinct groups of winners and losers."). However, contrary to defendants' argument, a winners and losers analysis is not applicable here.

_____

 the issue to be that during the transaction,  which Gulf Telephone came into the ownership of Madison River Communications, that there was a piece of that DiGiPH Company and from what I understand, part of it, the ESOP members did not receive fair compensation for the value of that company."  (Id.)  Eslava explained that while he disavowed any knowledge of the DiGiPH claims at the time of his deposition, since that time he had "listened to the advice of counsel".  (Id. at 19) However, the Court finds this insufficient to meet the requirements of 23(a)(4).

This case does not present a scenario where success of the lawsuit will be detrimental to any potential class member.  Simply disagreeing with filing the lawsuit is not sufficient to create a conflict.

Accordingly, the Court finds that Mr. Eslava is an adequate representative under 23(a)(4) as to those claims relating to the Escrow Account.  (Count II)

## III.   Fed. R.Civ. P. 23(b)

Although the Court has concluded that plaintiff Eslava has satisfied the Rule 23(a) prerequisites as to Count II of the complaint, that does not complete the inquiry.  Class certification is permissible only if plaintiff also satisfies one or more prongs of Rule 23(b).  Plaintiff argues that class certification is proper under either Fed. R. Civ. P. 23(b)(1) or 23(b)(2).

A class action may be maintained under 23(b)(1)(B) if the prosecution of separate actions by individual members of the class would create a risk of adjudications that would, "as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests."   Fed. R. Civ. P. 23(b)(1)(B).

Defendants argue that under the United States' Supreme Court's holding in Ortiz v. Fibreboard Corp., 527 U.S. 815, 834, 119 S.Ct. 2295, 144 L.Ed.2d 715 (1999), certification under 23(b)(1)(B) is only warranted in "limited funds" cases and that plaintiffs have failed to show that the escrow account risks depletion or that it is insufficiently funded to cover any future

claims.[10]  Plaintiff counters that defendants' have misconstrued the Court's holding in <u>Ortiz</u>.  The Court concurs with plaintiff that <u>Ortiz</u> does not stand for the proposition that certification under 23(b)(1)(B) is available *only* in limited funds cases.

The types of suits traditionally covered under Rule 23(b)(1)(B) include those involving a "limited fund," in which numerous individual claims against an insufficient fund would impair the ability of all members of the class to protect their interests. <u>Williams v. Nat. Sec. Ins. Co.</u>, 237 F.R.D. 685, (M.D.Ala.,2006) quoting <u>Ortiz</u>, 527 U.S. at 834; <u>Baker v. Washington Mutual Finance Group, LLC</u>,193 Fed.Appx. 294, 297 (5th Cir. 2006) (23(b)(1)(B) usually applied when a "limited fund" exists, such that non-class members seeking damages would likely deplete the fund and deprive class members of any recovery).  However, certification under 23(b)(2)(B) is not restricted to these situations.  See <u>In re Integra Realty Resources, Inc</u>., 354 F.3d 1246, 1264 (10th Cir. 2004)("The bankruptcy court properly certified the class under Rule 23(b)(1)(B), based on the court's conclusion that, in the absence of class certification, the Trustee's first suit against a defendant or group of defendants could be dispositive of all remaining suits. This first suit would thus decide the rights of absent shareholders without the class action's assurance that they be adequately represented.") <u>Specialty Cabinets & Fixtures, Inc. v. American Equitable Life Ins.</u>

---

[10]  The Advisory Committee comments to Rule 23(b)(1)(B) provide, in part, as follows:

In various situations an adjudication as to one or more members of the class will necessarily or probably have an adverse practical effect on the interests of other members who should therefore be represented in the lawsuit. This is plainly the case when claims are made by numerous persons against a fund insufficient to satisfy all claims. A class action by or against representative members to settle the validity of the claims as a whole, or in groups, followed by separate proof of the amount of each valid claim and proportionate distribution of the fund, meets the problem.

13

Co., 140 F.R.D. 474, 478-79 (S.D.Ga.,1991) ("Limited fund cases are not the only cases certified under this subsection. Courts may certify a class under this subsection in any situation 'where the judgment in a nonclass action by or against an individual member of the class, while not technically concluding the other members, might do so as a practical matter.' For example, a class may be certified under 23(b)(1)(B) in 'an action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a larger class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust.'") (internal citations omitted); In re Enron Corp., 2006 WL 1662596, *14 (S.D. Tex., June 7, 2006) (slip opinion)(granting class certification under Rule 23(b)(1)(B) in light of the fact that, because actions for breach of fiduciary duty are derivative in nature, an adjudication regarding the rights of any single class member was likely to be dispositive as to the rights of all class members).

In the instant case plaintiff seeks to recover, on behalf of the plan, damages for alleged breaches of fiduciary duties relating to the establishment[11] and maintenance of the escrow fund. Addressing this claim in an individual action would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication. Specifically, the trial of this claim will determine whether the fiduciaries have fulfilled their duties in relation to the ESOP's interest in the escrow account. Accordingly, the Court finds that Count II of the complaint may

---

[11] The court has previously ruled that "any claims relating to the procedure of establishing the escrow account, i.e. whether the ESOP Participants were entitled to vote on the Third Amendment or whether the ESOP Trustees were duly authorized to vote, are barred by the applicable statute of limitations". However, the court also clarified that "claims related to whether it violated ERISA to establish the escrow account to pay the expenses in the Grimes litigation are not affected by this ruling". (Doc. 564 at 22).

be certified as a class claim under Fed. R. Civ. P. 23(b)(1)(B).[12]

It is **ORDERED** that Plaintiffs' Motion to Certify Class (Doc. 224) is **GRANTED, in part, as follows:** Count II of the complaint-Escrow Fund (A, B, D, E and F) is certified for class treatment.[13]

## IV.    Motion for Leave to Appoint New Class Representative

In the objection to the Magistrate Judge's Report and Recommendation, plaintiffs also move the Court, in the event the recommendation is affirmed, to allow them additional time to appoint a new class representative.  Plaintiffs contend that such relief will not delay the trial of this matter, currently set to begin August 29, 2007.  (Doc. 664)

Defendants balk at plaintiffs suggestion that they be allowed to name additional class representatives at this late stage of the litigation.  Defendants argue that to allow plaintiffs to reopen, and at the same time requiring the Court to restart, the class certification proceedings at this stage in the litigation would be completely inconsistent with the Court's trial schedule and the prior proceedings in this matter.  Defendants contend that  plaintiffs' counsel has been aware

---

[12]  As the Court has determined that Count II of the complaint is properly certified as a class claim, it need not reach plaintiff's argument that certification is also proper under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(2).  However, the Court notes that certification under 23(b)(2) is limited to cases where the predominate relief sought is injunctive, not monetary.  See Murray v. Auslander, 244 F.3d 807, 812 (11th Cir.2001) ("Monetary relief may be obtained in a Rule 23(b)(2) class action so long as the predominant relief sought is injunctive or declaratory.") (citing Allison v. Citgo Petroleum Corp., 151 F.3d 402, 411 (5th Cir.1998); see also Vaughter v. Eastern Air Lines, Inc., 817 F.2d 685, 690 (11th Cir.1987) (stating "[c]ertainly, Rule 23(b)(2) was not applicable, as the suit [claiming ERISA violations, breach of contract, negligence, unjust enrichment, and conversion] seeks more than just the injunctive and declaratory relief generally available under that provision").

[13]  See ftnt 10.

for a year that defendants were challenging the adequacy of the four remaining Plaintiffs and they were free to add additional plaintiffs to cure the adequacy problem.

The action was initially filed in May 2004 with eleven named plaintiffs. (Doc. 1) That number has now dwindled to four (4). The final pretrial action in this matter is set for Friday, August 10, 2007. A bench trial is set to begin on August 29, 2007. The wheels of this action are in full motion and despite plaintiffs' representations to the contrary, it is folly to contend that the naming of additional class representatives at this late date will not derail the current timetable. Therefore, the Court agrees that plaintiffs' request is untimely, given the imminent trial setting of this nearly four year old action. Accordingly, plaintiffs' request for leave to name additional class representatives is **DENIED**.[14]

**DONE** this the 7th day of August 2007.

 /s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[14] The defendants' argument regarding the viability of the remaining claims under ERISA §502(a)(2) will be addressed by separate order.