IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DAVID ESLAVA, et al.,** | ) |
| *Plaintiffs*, | ) |
| v. | ) CIVIL ACTION NO. 04-297-KD-B |
| **GULF TELEPHONE COMPANY, INC.,** et al., | ) |
| *Defendants*. | ) |

**FINDINGS AND ORDER PRELIMINARILY CERTIFYING
SETTLEMENT CLASS, GRANTING PRELIMINARY
SETTLEMENT APPROVAL, APPROVING FORM AND
METHOD OF NOTICE, AND SETTING A DATE AND TIME
FOR FAIRNESS HEARING ON FINAL APPROVAL**

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), with respect to the Gulf Telephone Company Employee Stock Ownership Plan (the "*Plan*").[1] Presented to the *Court* for preliminary approval is a settlement of the litigation against all *Defendants*. The terms of the *Settlement* are set out in a Class Action Settlement Agreement (the "*Settlement Agreement*") dated September 10, 2007, and executed by counsel of behalf of the *Named Plaintiffs* and *Defendants*. (Attached hereto as Exhibit C)

The *Court* has considered the *Plaintiffs'* Motion For An Order Preliminarily Certifying Settlement Class and Granting Preliminary Approval of Class Settlement Agreement, and has preliminarily considered the *Settlement* to determine, among other things, whether the *Settlement* is sufficient to warrant the issuance of notice to members of the *Settlement Class* and whether to

---

[1] Capitalized and italicized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the *Settlement Agreement.*

preliminarily certify the *Settlement Class*. Upon consideration of the motion and *Plaintiffs'* supporting Memorandum, the *Settlement Agreement*, and their attached exhibits, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. **Class Findings**. The *Court* preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the *Settlement Class*:

    A. The *Settlement Class* is defined as:

    > All persons who were or have been deemed to be participants in or beneficiaries of the *Plan* at any time between January 1, 1999 and the date of the *Preliminary Approval Order*.

    B. The *Court* preliminarily finds that the *Settlement Class* is ascertainable from records kept with respect to the *Plan* and from other objective criteria and the *Settlement Class*, consisting of more than four hundred members, is so numerous that joining all of its members before the *Court* would be impracticable. Rule 23(a)(1) is satisfied.

    C. The *Court* has previously adopted the Magistrate's Report and Recommendations finding that Rule 23(a)(2) is satisfied.

    D. The *Court* has previously found that the claims of Plaintiff Eslava are typical of the claims of the *Settlement Class* asserted in Count II of the *Complaint*. The Court preliminarily finds that the claims of David Eslava and Tim Stark (the "*Named Plaintiffs*") are typical of the claims of the *Settlement Class*. Rule 23(a)(3) is satisfied.

    E. The *Court* has previously found that Plaintiff Eslava will fairly and adequately protect the interests of the *Settlement Class* with respect to the claims asserted in Count II of the *Complaint.* The *Court* preliminarily finds that the remaining *Named Plaintiffs* will fairly and adequately protect the interests of the *Settlement Class* in that (I) the interests of

the remaining *Named Plaintiffs* and the nature of their alleged claims are consistent with those of the members of the *Settlement Class*; (ii) there appear to be no conflicts between or among the remaining *Named Plaintiffs* and the *Settlement Class;* and (iii) the *Named Plaintiffs* have retained adequate counsel.  Rule 23(a)(4) is satisfied.

   F.  The *Court* has previously found that Rule 23(b)(1) is satisfied with respect to the claims asserted in Count II of the *Complaint.*  The *Court* preliminarily finds that Rule 23(b)(1) is satisfied with respect to the remaining claims because the prosecution of separate actions by individual members of the *Settlement Class* would create a risk of (I) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the *Action*; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

   G.  The Court preliminarily finds that the *Defendants* have acted or refused to act on grounds generally applicable to the *Settlement Class,* thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the *Settlement Class* as a whole.  Rule 23(b)(2) is satisfied.

   H.  Because the Court preliminarily finds that the proposed *Settlement Class* meets the requirements of Rule 23(b)(1) and (2), the Court finds that allowing *Settlement Class* members to opt out is inappropriate.

   I.  The Court preliminarily finds that *Class Counsel* is suitable and appropriate for appointment to represent the *Settlement Class*, in that *Class Counsel* has committed the necessary resources to represent the *Settlement Class.*  Rule 23(g) is satisfied.

2.      **Class Certification.**  Based on the findings set forth above, the *Court* PRELIMINARILY CERTIFIES the *Settlement Class* as a non opt-out Class for settlement purposes under Fed. R. Civ. P. 23(b)(1) and/or (2) and 23(e) in this litigation.  The *Court* appoints David Eslava and Tim Stark as the class representatives for the *Settlement Class.*

3.      **Preliminary Findings Regarding Proposed Settlement.**  The *Settlement* is hereby PRELIMINARILY APPROVED.  The *Court* preliminarily finds that the proposed *Settlement* (a) appears to be within the range of reasonableness; (b) appears to be the product of serious, informed, non-collusive negotiations; (c) has no obvious deficiencies; (d) does not appear to improperly grant preferential treatment to class representatives or segments of the class; (e) appears to fall within the range of possible approval; and (f) warrants providing notice to *Settlement Class* members of the *Settlement*, the opportunity to object, and the scheduling of a formal fairness hearing to consider the *Settlement* and any objections to it.

4.      **Fairness Hearing.**  A fairness hearing is hereby scheduled for **November 16, 2007 at 11:30 a.m.** (the "*Fairness Hearing*") to consider the *Settlement* and any objections thereto, and to determine, among other things:

- Whether the *Settlement Class* should be finally certified pursuant to Fed. R. Civ. P. 23(a), (b)(1) and (b)(2);

- Whether the *Settlement* should be approved as fair, adequate, reasonable, and consistent with the public interest;

- Whether the litigation should be dismissed with prejudice as to the *Defendants* pursuant to the terms of the *Settlement;*

- Whether the *Class Notice*, *Summary Notice* and notice methodology implemented pursuant to the *Settlement Agreement* (a) constituted the best

4

practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the *Settlement Class* of the pendency of the litigation, their right to object to the *Settlement,* and their right to appear at the *Fairness Hearing*; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

- Whether *Class Counsel* adequately represented the *Settlement Class* for purposes of entering into and implementing the *Settlement Agreement*;
- Whether the method of allocating the *Settlement Fund* to the *Settlement Class* should be approved;
- Whether *Class Counsel*'s petition for attorneys' fees and reimbursement of costs and expenses should be approved;
- Whether the application for payment of $10,000 to *Named Plaintiff* David Eslava should be approved; and
- To consider such other matters as the *Settlement Agreement* contemplates or the Court may deem just and proper.

5. **Class Notice.** The *Court* hereby APPROVES the proposed form of *Class Notice* and *Summary Notice* submitted by the *Parties,* which are appended hereto as Exhibits A and B. The *Court* finds that the proposed *Class Notice* fairly and adequately:

(a) describes the terms and effect of the *Settlement Agreement* and of the *Settlement;*

(b) notifies the *Settlement Class* concerning the method of allocating the

*Settlement Fund;*

    (c)  notifies the *Settlement Class* that *Class Counsel* will seek (I) reimbursement of the costs of litigation; and (ii) attorneys' fees of *Class Counsel* that do not exceed $1,975,000, plus reimbursement of costs and expenses incurred in connection with the prosecution of the *Action;*

    (d)  gives notice to the *Settlement Class* of the time and place of the *Fairness Hearing;* and

    (e)  describes how the recipients of the *Class Notice* may object to any of the relief requested.  The *Parties* have proposed the following manner of communicating the notice to members of the *Settlement Class,* and the *Court* finds that such proposed manner is the best notice practicable under the circumstances, and directs that *Class Counsel* shall:

By no later than 45 days[2] before the *Fairness Hearing,* cause the *Class Notice,* with such non-substantive modifications thereto as may be agreed upon by the *Parties* and presented to the *Court,* to be mailed, by first-class mail, postage prepaid, to the last known address of each *Person* within the *Settlement Class* who can be identified by reasonable effort.  *Defendants* shall provide *Class Counsel* with the names and last known addresses of the members of the *Settlement Class* to the extent such information is within *Defendants'* custody or control.

- 

    By no later than 30 days before the *Fairness Hearing,* cause the *Summary Notice* in the form attached hereto as Exhibit B, with such non-substantive modifications thereto as may be agreed upon by the *Parties* and presented to the *Court,* to be published for a period of not less than seven consecutive

---

[2] All references to days or dates herein are to calendar days, rather than business or Court days.  Should a date fall on a weekend or holiday, the deadline shall be the following business day.

days, one of them a Sunday, in the *Mobile Register*, for one week in the *Foley Onlooker*.

- By no later than 10 days before the *Fairness Hearing,* file the motion for final approval of the proposed *Settlement.*

- By no later than 30 days before the *Fairness Hearing*, file the motion for award of attorneys' fees, costs and expenses.

- At or before the *Fairness Hearing, Class Counsel* shall file with the *Court* a proof of timely compliance with the foregoing mailing and publication requirements.

6.   **Objections to Settlement.**  Any member of the *Settlement Class* who wishes to object to certification of the *Settlement Class*, to the fairness, reasonableness or adequacy of the *Settlement,* and the allocation of the *Settlement Fund*, to any term of the *Settlement* Agreement or to *Class Counsel*'s petition for attorneys' fees and reimbursement of costs and expenses, may file an objection.  An objector must file with the *Court* a statement of his, her or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the *Court's* attention or introduce in support of such objection.  The objector must also mail the objection and all supporting law and/or evidence to *Class Counsel* and counsel for *Defendants,* who shall be responsible for promptly serving all papers received from objectors upon all *Parties* who are entitled to receive notice pursuant to the *Settlement Agreement.*  The address for filing objections with the Court and service on counsel are as follows:

To the Clerk of the Court:

    Charles R. Diard, Jr., Clerk of the Court
    United States District Court, Southern District of Alabama
    113 St. Joseph Street
    Mobile, AL  36602

To each of the following designated *Class Counsel* and *Counsel* for *Defendants*:

| | |
|---|---|
| Thomas H. Benton, Jr., Esq. | Michael D. Strasavich, Esq. |
| McFADDEN, LYON & ROUSE, LLC | (STRAM9557) |
| 718 Downtowner Boulevard | BOWRON, LATTA & WASDEN, P.C. |
| Mobile, AL  36609 | Post Office Box 16046 |
| Fax:  (251) 342-9457 | Mobile, AL  36616 |
| | Fax:  (251) 344-9696 |
| **Class Counsel** | **Counsel for Defendants** |

The objector or his, her or its counsel (if any) must effect service of the objection on counsel listed above and file it with the *Court* by no later than ten (10) days before the date of the *Fairness Hearing*.  If an objector hires an attorney to represent him for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the *Court* by no later than ten (10) days before the date of the *Fairness Hearing*.  Filing and service may be effected on the *Court* and counsel by mail, provided facsimile service is made on counsel listed above by no later than ten (10) days before the date of the *Fairness Hearing*.  Any member of the *Settlement Class* or other *Person* who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objections to the *Settlement*, and any untimely objection shall be barred.

    7.    **Appearance at Fairness Hearing.**  Any objector who files and serves a timely, written objection in accordance with paragraph 6 above, may also appear at the *Fairness Hearing* either in person or through counsel retained at the objector's expense.  Objectors or

their attorneys intending to appear at the *Fairness Hearing* must effect service of a notice of intention to appear setting forth, among other things, the name, address and telephone number of the objector (and, if applicable, the name, address and telephone number of the objector's attorney) on counsel listed above (at the addresses set out above) and file it with the *Court* by no later than ten (10) days before the date of the *Fairness Hearing*. Filing and service may be effected on the *Court* and counsel by mail, provided facsimile service is made on counsel listed above by no later than ten (10) days before the date of the *Fairness Hearing*. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to be heard at the *Fairness Hearing,* except for good cause shown.

       8.    **Independent Fiduciary**. An *Independent Fiduciary* will be named to act on behalf the *Plan* for the purposes of determining the fairness of the *Settlement* to the Plan. The *Independent Fiduciary* shall file with the Court and serve upon the Parties, no later than ten (10) days prior to the *Fairness Hearing*, its written determination concerning the fairness of the *Settlement* to the *Plan*.

       9.    **Notice Expenses.** Expenses incurred by *Class Counsel* in preparing and mailing notice to the *Settlement Class* and in preparing and arranging publication of the *Summary Notice* and any and all other expenses incurred by *Class Counsel*, including half of the cost of the *Independent Fiduciary*, shall be paid by *Class* Counsel and reimbursed from the *Settlement Fund*.

      10.    **Stay of Proceedings.** Until further order of this *Court*, all proceedings in this *Action*, except for proceedings to effectuate the terms and conditions of the *Settlement*, are hereby stayed, and all discovery, pre-trial and trial deadlines are suspended. Nothing in this paragraph shall be construed to prevent a member of the *Settlement Class* from presenting

objections to the *Settlement* in accordance with the terms of this Order and the *Class Notice*.

11.  **Service of Papers.**  *Defendants'* counsel and *Class Counsel* shall promptly furnish each other with copies of any and all objections and Notices of Intention to Appear at Fairness Hearing that come into their possession.

12.  **Termination of Settlement.**  This Order shall become null and void, and shall be without prejudice to the rights of the *Parties*, all of whom shall be restored to their respective positions existing immediately before this *Court* entered this Order, if the *Settlement* is terminated in accordance with the *Settlement Agreement*.  In such event, Section 9.2 of the *Settlement Agreement* shall govern the rights of the *Parties*.

13.  **Use of Order.**  In the event this Order becomes of no force of effect, it shall not be offered, construed or use as an admission, concession or declaration by or against *Defendants* of any fault, wrongdoing, breach or liability, or of the propriety of class certification. Nor shall the Order be offered, construed or used as an admission, concession or declaration by or against *Named Plaintiffs* or the *Settlement Class* that their claims lack merit or that the relief requested in the *Action* is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

SO ORDERED this 17th day of September, 2007.

/s/ Kristi K. DuBose
**Kristi K. DuBose**
**United States District Judge**