IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DAVID ESLAVA, et al.,** *Plaintiffs*, v. **GULF TELEPHONE COMPANY, INC.**, et al., *Defendants*. | CIVIL ACTION NO. 04-297-KD-B |

# ORDER AND FINAL JUDGMENT[1]

(a)     Upon consideration of all documents filed in support of (i) *Plaintiffs'* Motion for Final Approval of Class Action Settlement Agreement (the "Final Approval Motion") and Motion for an Order Certifying a Settlement Class and Granting Preliminary Approval of a Class Settlement Agreement ("Preliminary Approval Motion"); (ii) *Class Counsel's* Petition for Attorneys' Fees, Reimbursement of Costs and Expenses ("Compensation Motion") (collectively, the "Motions") and (iii) all objections timely filed to granting the relief requested in the Motions;

(b)     the *Court* having entered on September 17, 2007, its Findings and Order Preliminarily Certifying Settlement Class, Granting Preliminary Settlement Approval, Approving Form and Method of Notice, and Setting a Date and Time for Fairness Hearing on Final Approval ("*Preliminary Approval Order*");

(c)     the *Court* having received declarations attesting to the mailing of the *Class Notice* and the publication of the *Summary Notice* in accordance with the *Preliminary Approval Order*; as amended, and the *Court* having been advised that United States Trust Company, N.A., the *Independent Fiduciary* retained by the *Parties* to review the *Settlement* on behalf of the *Plan*, has

---

[1]     Italicized terms not otherwise deferred in this Order shall have the same meaning as ascribed to them in the *Settlement Agreement.*

1

determined that the *Settlement* is fair to the *Plan*; and

(d) a hearing having been held before this *Court* on November 16, 2007 (the "*Fairness Hearing*") (i) to determine whether to grant the *Final Approval Motion*; (ii) to determine whether to grant the Compensation Motion; and (iii) to rule upon such other matters as the *Court* might deem appropriate,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The *Court* has jurisdiction over the subject matter of this action, all members of the *Settlement Class*, and all *Defendants* pursuant to 29 U.S.C. § 1132(e).

2. In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the *Settlement Class* has been given proper and adequate notice of: the *Settlement Agreement*[2], the *Fairness Hearing*, and the Compensation Motion, such notice having been carried out in accordance with the *Preliminary Approval Order*. The notice, summary notice and notice methodology implemented pursuant to the *Settlement Agreement* and the *Court*'s *Preliminary Approval Order* as amended (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the *Settlement Class* of the pendency of the litigation, their right to object to the *Settlement*, and their right to appear at the *Fairness Hearing*; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.

3. The *Settlement Agreement* in this action warrants final approval pursuant to Federal Rule of Civil Procedure 23(e)(1)(A) and (C) because it is fair, adequate, and reasonable

---

[2] The parties filed in open Court on November 16, 2007 a Joint Motion to Amend Settlement Agreement (Doc. 741) to amend and to clarify the provisions of Paragraph 8.1 of the Settlement Agreement. The Court has granted this motion. The parties agree and the Court finds that the change to the terms of the settlement is immaterial and that no further notice to the Settlement Class members is required. The term "Settlement Agreement" as used hereinafter refers to the Settlement Agreement as so modified.

to those it affects and in the public interest based upon (a) the likelihood of success on the merits weighed against the amount and form of relief offered in the *Settlement*; (b) the risks, expense, and delay of further litigation; (c) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (d) the amount of discovery completed and the character of the evidence uncovered; (e) the fairness of the *Settlement* to the unnamed class members; (f) the number of objections to the *Settlement Agreement* by *Settlement Class* members and the lack of objection by the *Independent Fiduciary*; (g) the fact that the *Settlement* is the product of extensive arm's length negotiations; and (h) the fact that this *Settlement* is consistent with the public interest.  *In re Combustion, Inc., 968 F. Supp.,* 111, 136 (W.D. La. 1997); *Williams v. Vukovich,* 720 F.2d 909 (6th Cir. 1983)).

   4. The Final Approval Motion hereby is GRANTED, and the *Settlement* hereby is APPROVED as fair, reasonable, adequate, in the best interests of the *Plan* and *Settlement Class* members and in the public interest.  The terms of the *Settlement* are hereby determined to be fair, reasonable and adequate, for the exclusive benefit of participants and beneficiaries of the *Plan* in compliance with *ERISA*.  The *Parties* are directed to consummate the *Settlement* in accordance with the terms of the *Settlement Agreement*.

   5. No members of the *Settlement Class* filed objections to the *Settlement Agreement*.

   6. The *Court* determines that the *Settlement Agreement* was negotiated vigorously, in good faith, and at arm's-length, by the *Named Plaintiffs* and *Class Counsel* on behalf of the *Plan* and the *Settlement Class* members.  The *Court* is aware that the *Settlement* was reached after three mediation sessions, which were presided over by a private mediator and a Magistrate Judge of this Court.  The *Court* finds that the *Named Plaintiffs* have acted independently and that their interests are identical to the interests of the *Plan* and the *Settlement Class* members.

7.      The *Parties* shall make the payments, disbursements, and distributions called for in the *Settlement Agreement.*

8.      The *Court* hereby approves the maintenance of this *Action* as a mandatory non-opt-out class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(1) and (b)(2).  The *Settlement Class* consists of the following individuals:

> All persons who were participants in or beneficiaries of the Plan between January 1, 1999 and the date of the *Preliminary Approval Order*.

9.      The *Court* finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied in that:

a.      The *Settlement Class*, consisting of more than four hundred members, is so numerous that joinder all of its members would be impracticable;

b.      There are questions of fact and law common to the *Settlement Class*;

c.      The *Named Plaintiffs* are members of the *Settlement Class*, and their claims are typical of the claims of the *Settlement Class*;

d.      The *Named Plaintiffs* are suitable for appointment as representatives of the *Settlement Class* and have and will fairly and adequately protect the interests of the *Settlement Class* in that (I) the interests of *Named Plaintiffs* and the nature of their alleged claims are consistent with those of the members of the *Settlement Class*; (ii) there appear to be no conflicts between or among the *Named Plaintiffs* and the *Settlement Class;* and (iii) the *Named Plaintiffs* have retained qualified, reputable counsel who are experienced in the matters before the Court;

e.      The prosecution of separate actions by individual members of the *Settlement Class* would create a risk of inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing

4

the claims asserted in the *Action*;

   f.  The prosecution of separate actions by individual members of the *Settlement Class* would create a risk of inconsistent or varying adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests;

   g.  *Defendants* have acted or refused to act of grounds generally applicable to the *Settlement Class* members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the *Settlement Class* as a whole;

   h.  The definition of the *Settlement Class* is sufficiently precise and proper notice was provided to the *Settlement Class*; and

   i.  *Class Counsel* is appropriately qualified and suitable for appointment to represent the *Settlement Class* and *Class Counsel* has committed the necessary resources to represent the *Settlement Class.*

  10.  Having reviewed the record, and the evidence presented in support of the Compensation Motion, including, but not limited to, the declarations of *Class Counsel*, the *Court* finds that the *Settlement* was negotiated at arm's length by experienced counsel, who were fully informed of the facts and circumstances, and strengths and weaknesses of their respective positions. The *Settlement* was not reached until after the parties had engaged in extensive discovery negotiations directly and with the assistance of professional and court mediators. *Class Counsel* and counsel for *Defendants*, thus, were well-positioned to evaluate the benefits of the *Settlement*, taking into account the expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law.[3]

---

[3] Class Counsels' attorney fee request will be addressed by separate order.

11. The *Court* finds that the payment of $10,000 to David Eslava in settlement of his individual claim in Count I is fair and reasonable in light of his claim and his contribution to the litigation on behalf of the *Settlement Class*, including preparing for and attending his deposition. Accordingly, David Eslava is awarded $10,000 payable in accordance with the *Settlement Agreement*.

12. The *Court* further finds:

(a) That the payments contemplated under the *Settlement Agreement* to the *ESOP* are restorative payments within the meaning of Revenue Ruling 2002-45 and shall be treated as such for all purposes under the *Plan.*

(b) The *Independent Fiduciary* and the process undertaken by the *Independent Fiduciary* to determine the fairness of the *Settlement* to the *Plan*, meet the requirements of DOL Class Exemption 2003-39, 68 Fed. Reg. 75632 (Dec. 31, 2003).

(c) The consummation of the *Settlement* in accordance with its terms will not result in a non-exempt prohibited transaction within the meaning of ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) and (b).

13. Without further order of the *Court*, the parties may agree to reasonable extensions of time to carry out any of the provisions of the *Settlement Agreement.*

14. Upon the *Effective Date,* the *Named Plaintiffs*, on behalf of themselves, the *Plan*, and the *Settlement Class*, are hereby deemed to have, and by operation of this *Final Order* shall have, fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of, all of the *Defendants,* their *Affiliates,* and any *Representative* of the foregoing, any *Person* who provided services to any of the foregoing or the *Plan,* and any *Person* that at any time served as a named or functional fiduciary or a trustee or administrative

agent of the *Plan,* as well as any *Representatives* of any such *Person*, and the *Insurers* (the "*Released Parties*"), from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, and costs whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether brought in an individual, representative, or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that have been, could have been, or could be brought by the *Named Plaintiffs*, by or on behalf of the *Plan,* and/or by any member of the *Settlement Class*, and arise out of or are related in any way to the acts, omissions, facts, matters, transactions, or occurrences that have been alleged or referred to at any time in the *Action* (whether or not dismissed), including but not limited to, claims based on:  (a) breach of *ERISA* fiduciary duties to the *Plan*, to the *Named Plaintiffs*, to the *Settlement Class*, and to the other participants and beneficiaries of the *Plan* in connection with the acquisition, disposition, or retention of GCSI common stock and/or any purchase rights or options appurtenant thereto whether contingent or otherwise, by the *Plan;* (b) the establishment, maintenance, administration, investment, and/or disbursement of funds held in the *Escrow*; (c) failure to provide information to the *Plan's* fiduciaries or the *Plan's* participants and beneficiaries regarding GCSI common stock or any transaction or event referred to directly or indirectly in the *Complaint*; (d) failure to appoint, remove and/or adequately monitor the *Plan's* fiduciaries; (e) claims that would be barred by principles of *res judicata* had the claims asserted in the *Action* been fully litigated and resulted in a final judgment or order; and (f) the method and manner of the distribution of the *Settlement Fund* (collectively, "*Released Claims*"). The *Named Plaintiffs* and each member of the *Settlement Class* are, therefore, forever barred

from asserting any *Released Claim* against any *Released Party* in any capacity, derivative or otherwise, on behalf of themselves or the *Plan.*

15. By this *Final Order*, each *Defendant* releases and forever discharges each and every other *Defendant* and each *Defendant's Affiliates* from any and all claims relating to the *Released Claims*, including any and all claims for contribution or indemnification for such claims.

16. The releases set forth in Paragraphs 14-15 of this Order and Judgment (the "*Releases*") are not intended to include the release of any rights or duties arising out of the *Settlement Agreement*, including the express warranties and covenants in this *Settlement Agreement*.

The *Releases* ordered herein shall be effective as a bar to any and all currently unsuspected, unknown, or partially known claims within the scope of their express terms and provisions. *Named Plaintiffs* assume for themselves, and on behalf of the *Settlement Class* and on behalf of the *Plan*, the risk of his, her or its respective subsequent discovery or understanding of any matter, fact, or law, that if now known or understood, would in any respect have affected his, her, or its entering into this *Settlement Agreement*.

17. The settlement and dismissal of the *Action* shall not release, bar or waive any ERISA section 502(a)(1)(B) claim for vested benefits by any *Plan* participant or beneficiary where such claims are unrelated to any matter asserted in this *Action.*

18. Without affecting the finality of this Order, jurisdiction is hereby retained over this *Action* and the *Parties*, the *Plan,* and the *Settlement Class* members for all matters relating to the *Action*, including (without limitation) the administration, interpretation, effectuation or enforcement of the *Settlement Agreement* and this *Final Order* and Judgment, and including any

application for fees and expenses incurred in connection with administering and distributing the *Settlement* proceeds to the members of the *Settlement Class*.

19.     Upon this Order becoming *Final*, all counts asserted in the Second Amended and Restated Complaint will be dismissed with prejudice without further order of the *Court* pursuant to the terms of the *Settlement*.  In addition, the *Named Plaintiffs* and the *Settlement Class* and the *Plan* shall be deemed to have, and by operation of this *Final Order* and Judgment shall have, fully, finally, and forever released and are forever barred from the prosecution of, any and all *Released Claims*.  *Class Counsel* have represented that all ancillary proceedings in other jurisdictions including *Plaintiffs'* motion for sanctions in the United States District Court for the District of Columbia, have been dismissed with prejudice.  In the event that the *Settlement Agreement* is terminated in accordance with its terms, however:  (a) this Judgment shall be null and void and shall be vacated nunc pro tunc, and (b) this action shall proceed as provided in the *Settlement Agreement*.

20.     There is no just reason for delay in the entry of this *Final Order* and Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED, ADJUDGED AND DECREED.

DONE this the 16th day of November 2007.

/s/ Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**UNITED STATES DISTRICT JUDGE**