IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID ESLAVA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION  04-0297-KD-B |
| ) | |
| GULF TELEPHONE COMPANY, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

FINAL ORDER APPROVING ATTORNEYS' FEES AND
REIMBURSEMENT OF COSTS AND EXPENSES

This matter is before the Court on the "Petition for Award of Attorneys' Fees and Reimbursement of Costs and Expenses and Memorandum in Support" (doc. 734) filed on October 17, 2007.  No objections were filed by any party or class member to the request for attorney fees and expenses.

In the Eleventh Circuit the method for determining a fair and reasonable attorney fee in a class action common fund case is the "reasonable percentage of the fund" approach.  Camden I v. Dunkle 946 F.2d 768, 774 (11th Cir. 1991).  "The majority of common fund fee awards fall between 20% to 30% of the fund."  Id.   Most district courts "view the median of this 20% to 30% range, i.e., 25%, as a "bench mark" percentage fee award which may be adjusted in accordance with the individual circumstances of each case." Id. at 775.

In determining a fair and reasonable attorney fee, the twelve factors articulated in

Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974)[1], are appropriately used. Camden I at 775.   The twelve factors are:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions involved;
> (3) the skill requisite to perform the legal service properly;
> (4) the preclusion of other employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and the length of the professional relationship with the client;
> (12) awards in similar cases.

Johnson, 488 F.2d at 717-19.

An extensive amount of professional time was required to achieve the result.  This case lasted for over three years and was aggressively litigated on every issue.  The undersigned has issued opinions on four summary judgment motions, one motion for judgment on the pleadings, seven motions to dismiss and a motion to certify this matter as a class action.  Moreover, the parties presented the court with many other opportunities, i.e. motions that were yet to be addressed, to pontificate on other tedious ERISA issues.  Fortunately, these opportunities were thwarted by the settlement.

The novelty and difficulty of the questions involved called for extraordinary legal skills. Counsel for all parties met the challenge and provided the court with excellent briefs on each

---

[1] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent on the Eleventh Circuit. Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

issue.

Plaintiffs' counsel agreed to take this case on an undefined contingency fee. As discussed above, the benchmark for a common fund case is 25%, and in other cases involving ERISA actions the average fee awarded was approximately 26%.[2] However, the court has also considered the undesirability of this particular case. As pointed out by counsel at the fairness hearing, the issue of the statute of limitations was a major hurdle for the plaintiffs. Thus, the risk of no recovery existed on that issue alone.

The last relevant factor is the result obtained. The plaintiffs' most meritorious claim appeared to be the escrow fund claim. The settlement reflects a recovery that was roughly equivalent to the losses claimed for that particular issue. The remaining claims, in this court's view, were not as likely to meet with success. Thus, plaintiffs counsel achieved a high level of success based on the facts they were presented. Accordingly, it is the opinion of the court that an award of 30%, which is the high end of awards for a common fund class action case, is appropriate in this case based on the complexity of the case, the time expended and the result obtained.

Upon review of Plaintiffs' Counsel's Petition and supporting affidavits, and for reasons stated in this order and on the record, Counsel's request for attorneys' fees and reimbursement of costs and expenses is GRANTED, in part , as follows:

1.   The Court finds that attorneys' fee of Plaintiffs' Counsel in the amount of $1,697,058.00 to be fair and reasonable. Payment of such award is to be

---

[2]This figure is derived from the list of ERISA cases provided by the independent evaluator. (See Doc 740, Exhibit A). In calculating the average award the court did not include the highest or lowest award.

made to Plaintiffs' Counsel pursuant to the terms of the Settlement Agreement.

2. The Court also has reviewed the submissions concerning the expenses in this case and finds that the amount of $207,380.70 for the expenses and costs of Plaintiffs' Counsel to be fair and reasonable.  Accordingly, said amount is to be disbursed to Plaintiffs' Counsel pursuant to the terms of the Settlement Agreement.

DONE and ORDERED this the 16th of November 2007.

>           /s/ Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**